■ Konstantinos Argyros et al., Appellants, v Metropolitan Transit Authority et al., Respondents. [919 NYS2d 879]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated February 18, 2010, as denied that branch of their motion which was to compel certain discovery.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the defendants to produce M. Reilly for a deposition, and substituting therefor provisions granting that branch of the motion and providing that the deposition shall be held at a time and place to be set in a written notice at least 10 days prior to the deposition, to be provided by the plaintiffs, or at such time and place as the parties may agree; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs made a showing of the inadequacy of the deposition of the defendant Rickey Steinberg, and of necessity as to the witness, M. Reilly, whom they now seek to depose, because the account of the subject accident recorded by Reilly in an accident report appears, on its face, to differ materially from the account testified to by Steinberg. Accordingly, the Supreme

Court should have granted the plaintiffs leave to depose that witness (*see Rivera v City of New York*, 3 AD3d 486 [2004]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.